UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD TRACY PAYNE,
    Petitioner,

v.    Case No. 8:19-cv-2584-WFJ-CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____/

**ORDER**

Ronald Tracy Payne, a Florida prisoner, timely filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) The Court directed Respondent to respond and show cause why the relief sought in the petition should not be granted. Respondent filed a response, along with the state court record. (Docs. 12, 13.) Mr. Payne filed a reply. (Doc. 15.) Upon consideration, the petition is DENIED:

**Background**

A state court jury convicted Mr. Payne of burglary to a structure. (Doc. 13-2, Ex. 1, p. 73.) The state trial court sentenced him as a violent career criminal to 15 years in prison, with a 10-year mandatory minimum sentence. (*Id.*, pp. 172-75.) The state appellate court *per curiam* affirmed the conviction and sentence. (Doc. 13-3, Ex. 4.)

Mr. Payne filed motions to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a), which were denied. (Doc. 13-3, Ex. 6; Doc. 13-4, Ex. 7; Doc. 13-5, Ex. 23; Ex. 13-6, 33-35.) The orders denying relief that Mr. Payne appealed

1

were *per curiam* affirmed by the state appellate court. (Doc. 13-4, Ex. 11, Doc. 13-5, Ex. 27.) Mr. Payne's motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 was also denied. (Doc. 13-5, Ex. 15.) The state appellate court *per curiam* affirmed the denial of relief. (Doc. 13-5, Ex. 19.)

## Standards Of Review

**The AEDPA**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme]

Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694; *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

The state appellate court affirmed the judgment and the denial of collateral relief without discussion. These decisions warrant deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002). When a state appellate court issues a silent affirmance, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S.Ct. 1188, 1192 (2018).

**Ineffective Assistance Of Counsel**

Mr. Payne alleges ineffective assistance of trial counsel. Ineffective assistance of counsel claims are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of deficient performance by counsel and resulting prejudice. *Id*. at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id*. at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Mr. Payne must show that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. To demonstrate prejudice, Mr. Payne must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Obtaining relief on a claim of ineffective assistance of counsel is difficult on federal habeas review because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (internal quotation marks and citations omitted). "The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially

4

higher threshold.' " *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

## Exhaustion Of State Remedies; Procedural Default

A federal habeas petitioner must exhaust his claims in state court before presenting them in his federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). The exhaustion requirement is satisfied if the petitioner fairly presents his claim in each appropriate state court and alerts that court to the federal nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish prejudice, a petitioner "must show that there is at least a reasonable probability that the result of the proceeding would have been different." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably

resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson*, 353 F.3d at 892.

## Discussion

**Ground One**

Mr. Payne claims that he was wrongfully charged because State witness Joseph Ignoffo gave inconsistent descriptions of the perpetrator before and during trial. Mr. Payne contends that Mr. Ignoffo's statements about the color of the perpetrator's clothes were "totally different." (Doc. 1, p. 5.)

Mr. Payne's claim is not cognizable on federal habeas review because it does not raise a federal challenge to the validity of his judgment. As addressed, to obtain federal habeas relief, a prisoner must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Therefore, a claim that does not raise a federal issue is not cognizable on federal habeas review. *See Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988).

Even if Mr. Payne's claim could be construed as federal, he is not entitled to relief. He did not exhaust this claim in state court. Mr. Payne raised a different claim on direct appeal, asserting that the trial court erred by not recognizing the differing descriptions and by allowing the introduction of Mr. Ignoffo's impermissibly suggestive identification contrary to *Neil v. Biggers*, 409 U.S. 188 (1972).[1] (Doc. 13-3, Ex. 3, p. 6.)

---

[1] *Biggers* addressed due process protections against the admission of evidence stemming from suggestive identification procedures. 409 U.S. at 196-201.

However, Mr. Payne's § 2254 claim is still procedurally barred even if it is liberally construed as raising the trial court error claim presented on direct appeal. The claim was not preserved for appeal since Mr. Payne did not challenge the identification evidence before trial or during Mr. Ignoffo's trial testimony. (Doc. 13-2, Ex. 1; Ex. 13-3, Ex. 1a, pp. 29-72.) Because the claim was unpreserved, it would have been procedurally barred on appeal. *See Steinhorst v. State*, 412 So.2d 332, 338 (Fla. 1982). A reviewing federal court "may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of this case." *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993).

Thus, the state appellate court resolved Mr. Payne's federal trial court error claim in accord with an independent and adequate state procedural rule. *See Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). The state court's ruling results in a procedural default of the claim on federal habeas review. *See Harris v. Reed*, 489 U.S. 255, 262 (1989). Mr. Payne does not meet either the cause and prejudice or fundamental miscarriage of justice exception to excuse the default. *See id*.

Finally, notwithstanding the procedural default, Mr. Payne fails to show entitlement to relief on the claim he exhausted in state court. Mr. Payne faults the trial court for not recognizing the differences in Mr. Ignoffo's descriptions and for allowing Mr. Ignoffo to testify to his out-of-court identification of Mr. Payne in violation of *Biggers*. But Mr. Payne fails to show that the trial court violated his federal rights by not independently reviewing evidence whose admissibility was not challenged by either party. Counsel chose to cross-examine Mr. Ignoffo about his statements rather

7

than to challenge the admissibility of Mr. Ignoffo's identification. (Doc. 13-3, Ex. 1a, pp. 70-71.) Mr. Payne does not establish any trial court error that violated his federal rights. Mr. Payne is not entitled to relief on Ground One.[2]

**Ground Two**

Mr. Payne asserts that the trial court erroneously sentenced him as a violent career criminal ("VCC"). Florida law establishes enhanced penalties for criminal defendants who meet the VCC criteria. As relevant to Mr. Payne's case, a defendant meets the criteria if he has three convictions for certain qualifying offenses; has been incarcerated in a state or federal prison; and is being sentenced for a qualifying offense that was committed within five years of the conviction for, or release from a sentence or supervision imposed for, an earlier qualifying offense. § 775.084(1)(d), Fla. Stat.

Mr. Payne asserts there were "no reasons to support VCC." (Doc. 1, p. 7.) He states that he was not tried or convicted as a VCC but that he "was sentenced as such once he lost at trial[.]" (*Id.*) Mr. Payne also argues that he was sentenced as a VCC after he "refused the Trial Court Judge's threats" regarding a 32-month plea offer he claims the trial court negotiated. (*Id.*)

Mr. Payne does not raise a federal claim in his § 2254 petition. His claim about VCC sentencing is based on state law. Therefore, the argument in Ground Two is not cognizable on federal habeas review. *See Branan*, 861 F.2d 1507. To the extent his

---

[2] In his § 2254 petition, Mr. Payne states that he raised Ground One in his state postconviction motion. (Doc. 1, p. 6.) But Mr. Payne's postconviction motion did not address Mr. Ignoffo's descriptions or identification. (Doc. 13-5, Ex. 15, pp. 25-34.)

claim that "no reasons" supported the VCC enhancement can could be construed as federal and Mr. Payne exhausted it in various Rule 3.800(a) motions in which he asserted he did not qualify as a VCC, he is not entitled to relief. (*See* Doc. 13-3 Ex. 6; Doc. 13-4, Ex. 8; Doc. 13-5, Ex. 23; Doc. 13-6, Ex. 33.) Whether an enhanced sentence may be imposed in a state court criminal proceeding is a matter of state law.

Again, state law questions are not cognizable on federal habeas review. *See Branan*, 861 F.2d at 1508 ("In the area of state sentencing guidelines in particular, we have consistently held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."); *see also Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354–55 (11th Cir. 2005) ("It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.' ") (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)). An attempt to frame a state law issue as federal does not affect cognizability. *See Branan*, 861 F.2d at 1508 (stating that the limitation on bringing state court issues in a federal habeas proceeding "is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.' ") (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976)).

Mr. Payne also argues that he was sentenced as a VCC after rejecting a plea deal and after the trial court threatened him. Mr. Payne raised a similar claim in a supplemental brief on appeal from the denial of one of his Rule 3.800(a) motions to correct an illegal sentence. There, Mr. Payne asserted that the trial court violated his

9

rights by imposing an excessive sentence after he lost at trial and after he rejected the 32-month offer. (Doc. 13-6, Ex. 33.)

Mr. Payne is not entitled to relief.[3] To the extent he contends that his sentence exceeds the statutory maximum in violation of his federal rights, his claim is cognizable. *See Graber v. Sec'y, Dep't of Corr.*, 417 F. App'x 882, 883 (11th Cir. 2011) ("A petitioner's claim that his sentence exceeds the maximum authorized by state law properly falls within the scope of federal habeas corpus review because the eighth amendment bars a prison sentence beyond the legislatively created maximum.") (internal quotation marks and citation omitted). Generally, a sentence within the statutory limits is not excessive or cruel and unusual under the Eighth Amendment. *See United States v. Flores*, 572 F.3d 1254, 1268 (11th Cir. 2009).

Mr. Payne was sentenced as a VCC, and the state courts have repeatedly found that designation to be proper. When a criminal defendant who qualifies for VCC sentencing commits a third-degree felony, the state trial court must sentence the defendant "for a term of years not exceeding 15, with a mandatory term of 10 years' imprisonment." § 775.084(4)(d)3., Fla. Stat. Thus, Mr. Payne's sentence of 15 years in prison, including a 10-year minimum mandatory term, did not exceed the maximum sentence allowed by statute. Therefore, Mr. Payne does not show a federal constitutional violation on the basis of an excessive sentence.

---

[3] The response did not address this argument. Therefore, Respondent has forfeited any defense that Mr. Payne is not entitled to review of his claim since he did not exhaust the claim in accord with state procedural rules when he presented it for the first time on appeal.

Further, Mr. Payne does not show that his sentence is vindictive. Due process prohibits a court from increasing a defendant's sentence because the defendant exercised a constitutional right. *See North Carolina v. Pearce*, 395 U.S. 711, 725 (1969). The record does not indicate that the state trial court imposed the VCC sentence because Mr. Payne exercised a federal right. The prosecution was responsible for filing a notice that Mr. Payne qualified as a VCC. (Doc. 13-2, Ex. 1, p. 23.) When a defendant so qualifies, a state trial court is required to impose a VCC sentence. *See* § 755.084(1)(d), Fla. Stat. (stating that the court "must" sentence a qualifying defendant as a VCC). Mr. Payne does not offer specific argument beyond his conclusory assertion that the state court threatened him and punished him for not taking a plea offer.

Before trial, the trial court stated the maximum sentence Mr. Payne faced upon conviction as a VCC. (Doc. 13-3, Ex. 1a, p. 8.) The trial court also stated that "[i]f there was going to be a plea," Mr. Payne would have to make an offer to the State. (*Id.*) There was no mention of a 32-month offer, and the state trial court did not make any threats. (*Id.*) At sentencing, the state trial court imposed the sentence after finding that Mr. Payne qualified as a VCC. The state trial court gave no indication that the sentence was imposed because Mr. Payne exercised his constitutional right to go to trial. (Doc. 13-3, Ex. 1b, pp. 212-26.) Mr. Payne fails to show that the state trial court vindictively sentenced him in violation of his federal rights. Mr. Payne is not entitled to relief on Ground Two.

**Ground Three**

11

Mr. Payne asserts that his VCC sentence is unlawful because there was no presentence investigation report ("PSI") or separate hearing to find any aggravating circumstances or determine whether he was a threat to the public.

This claim does not raise a federal challenge to the validity of Mr. Payne's state court judgment. Rather, Mr. Payne contends that the lack of a PSI and separate hearing violated Florida law. This state law claim is not cognizable on federal habeas review. *See Branan*, 861 F.2d 1507. Even if this ground can be construed as asserting a federal claim, Mr. Payne is not entitled to federal habeas relief.

Mr. Payne raised similar claims on direct appeal and in a Rule 3.800(a) motion to correct an illegal sentence (Doc. 13-3, Ex. 3, p. 7; Doc. 13-5, Ex. 23, pp. 3-6.) His claim amounts to a matter of state law. Whether the state court erred in sentencing Mr. Payne without a PSI and without conducting a separate hearing about aggravating circumstances or threats to the public are questions of state sentencing law that are not cognizable on federal habeas review. The lack of cognizability cannot be overcome by "couching" the claim in federal terms. *See Branan*, 861 F.2d at 1508. Mr. Payne's challenge to the validity of his VCC sentence based on the sentencing procedures is not cognizable.

In Mr. Payne's § 2254 petition, he also refers to his Rule 3.850 postconviction motion. In that motion, he asserted that trial counsel was ineffective for failing to object to the lack of a PSI. To the extent he intends to bring the same ineffective assistance claim in his § 2254 petition, he cannot obtain relief. The state postconviction court denied this claim:

> The Defendant alleges that trial counsel was ineffective for failing to request a Presentence Investigation (PSI) and for failing to object to the State's failure to provide a PSI. He argues that the State erroneously informed the Judge that there was no need for a PSI because the Defendant qualified as a VCC. The Defendant alleges that but for counsel's failure, he would have received a significantly lesser sentence.
>
> . . .
>
> The Court finds that this claim is facially sufficient, but without merit, because the Defendant has failed to establish that counsel's performance was deficient. As a VCC, the Defendant was not entitled to a PSI. Compare § 775.084(3)(c), Fla. Stat. (2014) with §§ 775.084(3)(a)1., (3)(b)1., Fla. Stat. (2014) (a defendant who is to be sentenced as a habitual felony offender, habitual violent felony offender, or a three-time violent felony offender is entitled to a PSI). It was reasonable for counsel not to request a PSI when the Defendant was not entitled to one. This claim is therefore denied.

(Doc. 13-5, Ex. 15, pp. 37-38.)

Mr. Payne does not show that the state court's ruling was unreasonable. The state court's decision depended upon an interpretation and application of Florida law providing that Mr. Payne was not entitled to a PSI under the circumstances of his case. This Court must defer to that state law decision in reviewing the denial of Mr. Payne's ineffective assistance claim. *See Pinkney v. Secretary, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) ("[A]lthough 'the issue of ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension,' [a federal court] 'must defer to the state's construction of its own law' when the validity of the claim that . . . counsel failed to raise turns on state law.") (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)). Mr. Payne does not show that the state court's decision involved an unreasonable application of *Strickland* or was based

on an unreasonable factual determination. Mr. Payne is not entitled to relief on Ground Three.

**Ground Four**

Mr. Payne contends that he does not qualify as a VCC because burglary of a structure is not a crime of violence absent a threat or force. Mr. Payne asserts that the structure was not forcibly entered, and that he is therefore in custody on "a non-existent, Violent Career Criminal sentenced crime of violence that was never committed." (Doc. 1, p. 10.) In other words, he appears to argue that the conviction was not itself a qualifying offense that would subject him to VCC sentencing because no force was used in the entry of the structure.

As with his earlier claims, Mr. Payne's argument is not cognizable because it does not raise a federal challenge to the validity of the judgment. *See Branan*, 861 F.2d 1507. Even assuming that it could be construed as a federal claim and is construed as raising the same claim that Mr. Payne exhausted in a Rule 3.800(a) motion to correct an illegal sentence, the claim affords no relief. The state court denied Payne's claim, finding that burglary is a forcible felony under relevant state law "[r]egardless of the circumstances of the crime[.]" (Doc. 13-5, Ex. 23, p. 13.) Again, this claim amounts to one of state law despite any attempt to reframe it as a federal issue. There is no basis for this Court to review a question of state law on federal habeas review. Mr. Payne is not entitled to relief on Ground Four.

**Mr. Payne's Supplemental Pleadings**

14

Mr. Payne filed two supplements to his petition. (Docs. 11, 22.) The supplements are stricken as unauthorized because Mr. Payne filed them without seeking or obtaining leave of court to do so. *See* Fed. R. Civ. P. 15(d) (stating that a court "may" permit a supplemental pleading "[o]n motion and reasonable notice"). Mr. Payne also referred to the second supplement as an amendment. Even treating the supplements as amended petitions, they would be stricken. A petitioner has two 21-day windows to amend his petition as a matter of right: the 21 days after service, and the 21 days after the responsive pleading is filed. Fed. R. Civ. P. 15(a)(1). Neither construed amended petition falls in these timeframes. Thus, Mr. Payne would have had to obtain Respondent's consent or leave of court to file the amendments. Fed. R. Civ. P. 15(a)(2). He did not request or receive such authorization.[4]

Accordingly, the Court **ORDERS**:

1. Mr. Payne's petition (Doc. 1) is **DENIED** and his supplements (Docs. 11, 22) are **STRICKEN** as unauthorized.

2. The **CLERK** shall enter judgment accordingly and is directed to **CLOSE** this case.

---

[4] Even if Mr. Payne had received authorization to supplement or amend his petition, the Court's analysis would remain the same. Mr. Payne's first supplement essentially argues that the conviction was not itself a qualifying offense that would subject him to VCC sentencing. (Doc. 11, p. 2–3.) This claim amounts to one of state law despite any attempt to reframe it as a federal issue—it does not entitle Mr. Payne to relief. Mr. Payne's second supplement reiterates positions Mr. Payne advanced in Mr. Payne's Grounds Two and Three. (Doc. 22, p. 1–3.) For the reasons explained above, Mr. Payne fails to show entitlement to relief on these claims regardless of any procedural bar.

3. Mr. Payne is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, Mr. Payne must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Payne has not made the requisite showing. Because Mr. Payne is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, on February 22, 2023.

                                                      */s/ William F. Jung*
                                                    **WILLIAM F. JUNG**
                                                    **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
**Counsel of Record**